IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| KENNETH JOHN SNIDER,<br>Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. 7:12-cv-310 |
| CITY OF MISSION, FORMER MISSION POLICE CHIEF MARTIN GARZA, JR., FORMER MISSION POLICE CHIEF LEO LONGORIA, FORMER POLICE OFFICER RANDY GARZA, POLICE OFFICER CHRISTOPHER PILAND, POLICE OFFICER SHANE DE LA GARZA, POLICE OFFICER CHARLES LOPEZ, POLICE OFFICER OMAR DIAZ de VILLEGAS, UNNAMED POLICE OFFICERS OF THE MISSION POLICE DEPARTMENT AND UNNAMED SUPERVISORS OF THE MISSION POLICE DEPARTMENT,<br>Defendants. | § § § § § § § § § § § § § § § § | (JURY REQUESTED) |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

TO THE HONORALBE JUDGE OF SAID COURT:

COMES NOW, Plaintiff KENNETH JOHN SNIDER, and files this First Amended Original Complaint and Demand for Jury Trial, and for cause thereof would show the Court as follows:

I.

**INTRODUCTION**

1. This is a civil action for damages brought for personal injuries and deprivation of civil of rights under the Constitution and laws of the United States and The State of Texas.

2. This tragic case arises from an arbitrary and irresponsible series of actions on the part of Defendants that ended with the wrongful detention, arrest, brutalization and incarceration of Plaintiff.

II

## PARTIES

3. Plaintiff, Kenneth John Snider, is a U.S. Citizen who resides in Mission, Hidalgo County, Texas. He brings this suit in his individual capacity.

4. Defendant, City of Mission, is a duly incorporated home rule City and Political Subdivision of the State of Texas, and is capable of being sued in this Court.  Defendant, City of Mission, is responsible for the policies, practices, and customs implemented through the Mission Police Department (hereinafter called "MPD") as well as the hiring, training, supervision, control and discipline of its police officers.  Defendant, City of Mission, is and was the employer of the police personnel named herein as individual Defendants and was also the employer of the police personnel.  The City of Mission has been served by serving the City Secretary, Anna Carrillo, at 1201 E. 8th Street, Mission, Texas 78572 and has filed an Answer.  Therefore, no service is necessary.

5. Defendant, former Mission Police Chief Martin Garza, Jr., is a resident of Mission, Hidalgo County, Texas.  At all times material to this suit, and based on information and belief, he was responsible for the Mission Police Department and its officers.  Based on information and belief, he was the final policy maker for the City of Mission with respect to police policies and practices at the time of the incident made the basis of this lawsuit.  Alternatively, he was a high ranking member of the Mission Police Department, played a significant role in the making of such policies, and was responsible for the Mission Police Officers compliance with minimal Federal and State Constitutional Standards.  Each of the acts complained arises from the conduct of Defendant while acting under color of State law, and was committed within the scope of his employment with the

MPD. Defendant, former Mission Police Chief Martin Garza, Jr. has been served. Therefore, no service is necessary.

6. Defendant, former Mission Police Chief Leo Longoria, is a resident of Mission, Hidalgo County, Texas. At all times material to this suit, and based on information and belief, he was responsible for the Mission Police Department and its officers. Based on information and belief, he was the final policy maker for the City of Mission with respect to police policies and practices at the time of the incident made the basis of this lawsuit. Alternatively, he was a high ranking member of the Mission Police Department, played a significant role in the making of such policies and was responsible for the Mission Police Officers compliance with minimal Federal and State Constitutional Standards. Each of the acts complained arises from the conduct of Defendant while acting under color of State law, and was committed within the scope of his employment with the MPD. Defendant former Mission Police Chief Leo Longoria may be served at **_his place of residence or wherever he may be found._**

7. Defendants, Unnamed Police Officers, are officers or employees of the MPD whose names are presently unknown to Plaintiff and who, based on information and belief, were involved in the wrongful detention, arrest, brutal beating and wrongful incarceration of Plaintiff, as well as the subsequent investigation into the incident made the basis of this lawsuit. They will be identified later and served at an address to be disclosed.

8. Defendants, Unnamed Supervisors, are officers or employees of the MPD whose names are presently unknown to Plaintiff and who, based on information and belief, were high ranking/supervisory level officers or employers of the MPD and who, while in those positions, promulgated, instituted or implemented police department policies, procedures, and practices relating to police conduct. They will be identified later and served at an address to be disclosed.

9. Defendant, former Officer Randy Garza #0486, was an officer or employee of the MPD and who, based on information and belief, was involved in the wrongful detention, arrest, brutal beating and wrongful incarceration of Plaintiff, as well as the subsequent investigation into the incident made the basis of this lawsuit. Former Officer Randy Garza may be served at his place of residence **_1501 Shary Lee, Mission, Texas 78572 or wherever he may be found._**

10. Defendant, Officer Christopher Piland #0284, is an officer or employee of the MPD and who, based on information and belief, was involved in the wrongful detention, arrest, brutal beating and wrongful incarceration of Plaintiff, as well as the subsequent investigation into the incident made the basis of this lawsuit. Officer Christopher Piland may be served at **_Mission Police Department, 1200 E. 8th St., Mission, Texas 78572 or wherever he may be found._**

11. Defendant, Officer Shane de la Garza #0464, is an officer or employee of the MPD and who, based on information and belief, was involved in the wrongful detention, arrest, brutal beating and wrongful incarceration of Plaintiff, as well as the subsequent investigation into the incident made the basis of this lawsuit. Officer Shane de la Garza may be served at **_Mission Police Department, 1200 E. 8th St., Mission, Texas 78572 or wherever he may be found._**

12. Defendant, Officer Charles Lopez #0282, is an officer or employee of the MPD and who, based on information and belief, was involved in the wrongful detention, arrest, brutal beating and wrongful incarceration of Plaintiff, as well as the subsequent investigation into the incident made the basis of this lawsuit. Officer Charles Lopez may be served at **_Mission Police Department, 1200 E. 8th St., Mission, Texas 78572 or wherever he may be found._**

13. Defendant, Officer Omar Diaz de Villegas #0505, is an officer or employee of the MPD and who, based on information and belief, was involved in the wrongful detention, arrest, brutal beating and wrongful incarceration of Plaintiff, as well as the subsequent investigation into the incident made

the basis of this lawsuit. Officer Omar Diaz de Villegas may be served at **<u>Mission Police Department, 1200 E. 8th St., Mission, Texas 78572 or wherever he may be found.</u>**

14. Plaintiff sues each and all Defendants (except City of Mission) in both their individual and official capacities.

15. At all times material to this complaint, Defendants acted under color of the statutes, customs, ordinances, and usage of the State of Texas, City of Mission and the Mission Police Department.

III

## JURISDICTION AND VENUE

16. Jurisdiction and Venue are proper in this Court because the incident occurred in Mission, Hidalgo County, Texas.

IV

## FACTS

17. On or about December 19, 2011, officers from the Mission Police Department responded to what was, essentially, a noise complaint at Plaintiff's home involving unwanted guests. Upon arrival, the police officers were advised that the unwanted guests had left, and that no police assistance was needed. The police officers were also advised that a minor physical altercation had occurred outside the home however, that situation had also been resolved prior to the officers arrival at the home. Neither the noise complaint nor the minor physical altercation constituted a felony, family violence, or ongoing danger which would have allowed a warrantless arrest under the provisions of the Texas Code of Criminal Procedure. Despite being advised that all issues had been resolved and that their presence was not needed at the premises, the officers refused Plaintiff's request to leave the premises. The officers surrounded Plaintiff's home and proceeded to escalate an otherwise peaceful gathering of friends and family. After repeatedly and unsuccessfully demanding that Plaintiff exit his residence, the officers forced their way inside the residence by physically

5

trampling over and shoving aside Plaintiff's girlfriend as she entered the residence to check on the status of her children who were asleep in another room. On forcing their way into the residence, the officers immediately began to pepper spray, assault, beat and strike Plaintiff, causing serious bodily injuries. After beating Plaintiff to the point that Plaintiff could not breathe due to the accumulation of blood in his mouth, nose, and lungs, the officers began escorting a now hand-cuffed Plaintiff out the door of his residence. Thereafter, while Plaintiff was still hand-cuffed, Officer Omar Diaz de Villegas proceeded to strike Plaintiff in the face with a closed fist. The closed fist attack upon Plaintiff occurred while Plaintiff's hands were hand-cuffed behind his back and Plaintiff had no means which to cover or otherwise protect himself. After pepper spraying, assaulting, beating, hand-cuffing and then striking Plaintiff in his face with a closed fist, the officers began to gloat, boast, and rejoice over their beating of the Plaintiff in the presence of the guests and family members who remained at the home. Thereafter, the Plaintiff was taken to the Mission Police Department, and subsequently, Hidalgo County Jail, where he spent more than 45 days under incarceration. Charges related to Plaintiff's alleged "assault on a police officer" were subsequently dismissed by the Hidalgo County District Attorney's Office. Upon presenting the case to the Hidalgo County District Attorney's Office, Defendants failed to disclose reports regarding the closed fist striking of Plaintiff subsequent to Plaintiff being hand-cuffed. This information was not disclosed until immediately prior to Officer Omar Diaz de Villegas' deposition in May, 2013, one and half years after the incident. Based upon information and belief, neither the City of Mission nor the MBD has presented this information to the Hidalgo County District Attorney's Office or any State or Federal law enforcement agency outside the MPD, despite the fact that supervisors and high ranking personnel within the MBD have been aware of the incident since immediately after its occurrence. The wrongful detention, arrest, and brutalization of Plaintiff; subsequent attempts to cover the assault of plaintiff while plaintiff was handcuffed; the failure of the Mission Police

Department to conduct any internal affairs investigation or discipline the officers involved; the failure to present the information regarding the assault on an unarmed and handcuffed person to any outside agency; and the lack of meaningful oversight, training, or discipline of the involved officers constitutes a violation and callous disregard of Plaintiff's rights as a citizen of the United States of America and the State of Texas for which Plaintiff now sues.

V

## COUNT 1

**(Fourteenth Amendment Due Process Violation/Section 1983/Intentional Misuse/Violation of Civil and Constitutional Rights/Common Law Assault/Depravation of Rights Under Color of Law)**

18. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs. The officers of the Mission Police Department intentionally misused the weapons and equipment at their disposal for the purpose of making an unlawful entry, wrongful detention, arrest, brutalization, and assault against Plaintiff. The actions of the Mission Police Department were inspired by malice, rather than merely careless or unwise zeal, so that their conduct amounted to an abuse of official power that "shocks the conscience". ***Checki v. Webb,*** 785 F.2nd 534, 538 (5th Cir. 1986); ***County of Sacramento v. Lewis,*** 523 U.S. 833 (1988).

19. The actions of the Mission Police Officers crossed the constructional line that would make their conduct actionable under §1983. No reasonable police officer would have engaged in the intentional, dangerous, and reckless conduct engaged in by the Mission Police Officers as set forth above. The actions of the Mission Police Officers constitute an intentional and/or reckless assault against Plaintiff. The actions of the Mission Police Officers occurred under color of law.

20. As a direct and proximate cause of the acts of Defendants, Plaintiff suffered physical injury, loss of income, medical damages, and severe mental anguish in connection with the deprivation of his

constitutional and statutory rights guaranteed by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

VI

## COUNT 2-5

### State Created Danger in failing to: (2) train, (3) supervise, (4) control; and (5) discipline/ratification)

21. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs. Counts 2-5 are raised against former Mission Police Chief, Martin Garza, Jr., former Mission Police Chief, Leo Longoria, and, the unnamed supervisors, and the City of Mission.

22. At all times relevant to this complaint, the Mission Police Officers involved in the incident of December 19, 2011, were acting under the direction and control of Defendants, former Mission Police Chief, Martin Garza, Jr., and former Mission Police Chief, Leo Longoria, the unnamed supervisors, and the City of Mission.

23. Defendants, former Mission Police Chief, Martin Garza, Jr.; former Mission Police Chief, Leo Longoria; the unnamed supervisors; and the City of Mission, exercised authority or power in a way that placed Plaintiff in a worse position, by failing to train, supervise, control and discipline the police officers, including, but not limited to: (1) failing to establish and enforce internal protocols for handling unauthorized entry, detention, and arrest; (2) failing to establish, implement, and enforce accepted standards for reducing the risk and injury to citizens of City of Mission during arrest, including policies regarding excessive use of force; (3) failing to establish, implement, and enforce accepted standards for control of suspects subsequent to arrest, including policies regarding excessive use of force; and (4) failing to establish, implement, and enforce accepted standards for the use of force against hand-cuffed suspects subsequent to arrest, including policies to prevent the assault of suspects or other persons in handcuffs and under detention.

24. Defendants, former Mission Police Chief, Martin Garza, Jr.; former Mission Police Chief, Leo Longoria; the unnamed supervisors; and the City of Mission's failed to train, supervise, control and discipline its patrol officers and was deliberately indifferent to the rights of the Plaintiff. The actions and inactions of these defendants was so shocking of the conscience as to constitute arbitrary government conduct actionable under the Due Process Clause of the Fourteenth Amendment.

25. Defendants, former Mission Police Chief, Martin Garza, Jr.; former Mission Police Chief, Leo Longoria; the unnamed supervisors; and the City of Mission had knowledge or, had they diligently exercised their duties to instruct, train, supervise, control and discipline on a continuing basis, should have had knowledge that the police officers of the Mission Police Department lack the experience and skills to safely handle situations such of that which occurred on or about December 19, 2011. Defendants, former Mission Police Chief, Martin Garza, Jr., former Mission Police Chief, Leo Longoria, the unnamed supervisors, and the City of Mission have the power to prevent or aid in preventing unsafe police actions, intentional misconduct by police officers, warrantless and unlawful detention and arrest by police officers, and discover brutality and assault by police officers. The failure of former Mission Police Chief, Martin Garza, Jr., former Mission Police Chief, Leo Longoria, the unnamed supervisors, and the City of Mission, to prevent or aid in preventing the actions set forth above were committed knowingly, recklessly, and constitute deliberate indifference and callous disregard to Plaintiff's rights.

26. Defendants, former Mission Police Chief, Martin Garza, Jr.; former Mission Police Chief, Leo Longoria; the unnamed supervisors; and the City of Mission, directly or indirectly, under the color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the Mission Police Officers involved in the incident made the basis of the present lawsuit.

27. Defendants are liable to Plaintiff for violating his rights to be free from state-created danger as guaranteed by the Fourteenth Amendment's substantive due process clause.

28. As a direct and proximate cause of the actions of Defendants, former Mission Police Chief, Martin Garza, Jr.; former Mission Police Chief, Leo Longoria; the unnamed supervisors; and the City of Mission, as set forth in the foregoing paragraphs, Plaintiff suffered physical injury, loss of income, medical damages, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. §1983.

VII

## COUNT 6

### (Inadequate Training)

29. Plaintiff incorporates by reference each of the allegations set forth in the foregoing paragraphs. Count 6 is raised against Defendant, City of Mission only. Defendant is liable under §1983 for the deprivation Plaintiff's civil rights without due process of law. Under the 5th Circuit's opinion in **Grandstaff v. City of Borger,** 767 F.2nd 161 (5th Cir. 1985), cert denied, 480 U.S. 917 (1987). In accordance with **Grandstaff**, liability can be opposed on the City of Mission based on inadequate training of the Mission Police Officers and the City's policy/custom of dangerous recklessness. According to the **Grandstaff** court:

> Conscience indifference to widespread incompetence or misbehavior may be more than a matter of extreme negligence and more than a failure to instruct or train. If it is deliberate police policy to demand instant compliance, heedless of rights and risks, abuses-i.e., incompetence and misbehavior-will occur when officers of varying judgment and stability encounter resistance. If unconfined the policy ordains the use of the ultimate compulsion, the firearm, upon any appearance of resistance and only imagined justification. That policy employs armed officers who subject the public to the deprivation of their constitutional rights. Where the City policymaker knows or should know that the City's police officers are likely to shoot to kill without justification and without restraint, so that to endanger innocent third-parties, the City should be liable with the evitable occurs and the officers do so.

VIII

## COUNT 7

### (State Claim-Negligence: Texas Tort Claims Act)

30. Pleading in the alternative, Plaintiff incorporates by reference each of the allegations set forth above. Count 7 is raised against the City of Mission.

31. Defendant, City of Mission, acting by and through each of its employees and agents as set forth above, was negligent, proximately causing the wrongful detention, warrantless arrest, severe beating, assault, and wrongful incarceration of Plaintiff. To the extent that the City of Mission is a governmental unit, immunity has been waived for its negligent conduct. Defendant, City of Mission, has waived immunity and is liable to Plaintiff pursuant to Tex. Civ. Prac. Code §101.021 which provide as follows: (1) a governmental unit in the State is liable for (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, if it were a private person, be liable to the claimant according to Texas law.

32. The personal injuries wrongful actions committed against Plaintiff arose from the use of tangible personal property, including, but not limited to, canisters of pepper spray, steel-toed or other impact resistant shoes or boots, hand-cuffs, and other equipment utilized by the Mission Police Department, making Defendant, City of Mission, liable for Defendants' negligence and negligence per se as they violated the Civil and Constitutional Rights of Plaintiff.

33. The actions taken by the Mission Police Officers, as set forth above, constitute policies, customs, or practices of the Mission Police Department thereby subjecting City of Mission to liability for the actions of its officers.

### The Constitutional Rights of Plaintiff Violated by Police Actions

34. At all times material hereto, Plaintiff had the right to bodily integrity. The U.S. Supreme Court has held that bodily integrity is a recognized liberty interest. ***Washington v. Glucksberg,*** 521 U.S. 702

(1987). Every violation of the person's bodily integrity is an invasion of his or her liberty. **Washington v. Harper,** 494 U.S. 210, 237 (1990). The actions of the Mission Police Officers as set forth above constitute a violation of Plaintiff's bodily integrity subjecting such officers to liability in both their individual and official capacities. Further, each of the actions of the officers was taken under color of state law and was taken in accordance with the policies, customs, and practices of Mission Police Department, therefore, subjecting the City of Mission to liability for such actions.

IX

## COUNT 8

### (Excessive Force)

35. Plaintiff would show that the Mission Police Officers utilized excessive force making the arrest, investigatory stop or other seizure of Plaintiff. Plaintiff would show that the officers' excessive use of force was outside of the objective standard of reasonableness set forth by the United States Supreme Court in **Graham v. Connor**, 490 US 386, 109 S.Ct. 1865, 104 L.Ed. F.2d 443 (1989). Plaintiff would show that he is entitled to recover damages for his injuries as a result of the excessive and unreasonable force utilized prior to, during, and subsequent to his detention and arrest as set forth by the United States Fifth Circuit in **Hay v. City of Irving,** 893 F.2d 796, 798 (5th Cir. 1990); **Johnson v. Morel,** 876 F.2d 477, 480 (5th Cir. 1989).

X

## DAMAGES

36. Plaintiff seeks recovery of all damages which he may be entitled under Texas and Federal law. Plaintiff seeks to recover for both his physical injuries, medical damages, mental pain and anguish, loss of income, pecuniary losses. All of these injuries have occurred in the past and will continue into the future.

XI

## OTHER DAMAGES

### (Exemplary Damages)

37. Pursuant to Article 16 §26 of the Texas Constitution, Chapter 41 of the Texas Civil Practice and Remedies Code, 42 U.S.C. Section 1983, and all other applicable common law and statutory provisions, Plaintiff seeks recovery of exemplary damages for the willful acts and omissions, malice or gross negligence, deliberate indifference, and shocking conduct of each of the Defendants. Defendants were consciously indifferent to the rights and welfare of Plaintiff. Defendants' shocking, deliberate, and willful acts and omissions and gross negligence of Defendants' duties placed Plaintiff in an extreme degree of risks which ultimately resulted in severe bodily injuries and wrongful incarceration. Any shocking conduct, whether deliberately indifferent and/or maliciously exhibited by Defendants can only be remedied by an award of exemplary or punitive damages.

38. Plaintiff seeks recovery of punitive/exemplary damages pursuant to Defendants' reckless or callous disregard of, or indifference to, the rights of Plaintiff under the Constitutions of the United States and The State of Texas, State law, and Federal law, including 42.U.S.C Section 1983. *Smith v. Wade,* 103 S.Ct. 1625 (1983).

XII

## ATTORNEY FEES

39. Plaintiff requests attorney fees pursuant to any applicable law and in accordance with the award of exemplary damages requested in the previous paragraphs. Plaintiff further seeks recovery, pursuant to the Civil Rights Attorney's Fees Award at, 42 U.S.C. §1988, which provides that prevailing parties in actions brought pursuant to 42 U.S.C. section 1983 are entitled to recover of attorney fees and costs.

XIII

## COSTS AND INTERESTS

40. Pursuant to the applicable statutes, including Chapter 101 of the Texas Civil Practice and Remedies Code and 42 U.S.C. §1983 and 1988, Plaintiff seeks recovery of all of his court costs and pre-judgment and post-judgment interests at the highest rate allowed by law. Defendant, City of Mission, had actual notice of the warrantless entry, wrongful detention, brutalization, wrongful arrest, and wrongful incarceration of Plaintiff as the police officers involved for the wrongful conduct were witnesses to such conduct.

XIV

## JURY TRIAL

41. Plaintiff demands trial by jury.

XV

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer in this cause, and that upon final trial hereof, Plaintiff recover judgment against Defendants, jointly and severally, for actual and punitive damages in amounts within the jurisdictional limits of this Court, for all damages respectively sustained by Plaintiff as set forth above, together with pre-judgment interest thereon at the maximum legal or equitable rate; for post judgment interest on the amount of judgment at maximum rate allowed by law; for recovery of costs of court; attorney fees, and for such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

…

Respectfully submitted,

/s/
Rodney W. Sipes
State Bar No. 18349600
**SIPES & ASSOCIATES, PLLC**
3102 S McColl Rd., PMB
(956) 381-4700
(956) 381-4701 fax

**ATTORNEY FOR PLAINTIFF,
KENNETH JOHN SNIDER**

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2013, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.

The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented to accept this Notice as service of this document by electronic means:

Ysmael D. Fonseca
**WILLETTE & GUERRA, LLP**
10123 N. 10th Street
McAllen, Texas 78504

/s/
Rodney S. Sipes