IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| KENNETH JOHN SNIDER, § | | |
|    *Plaintiff*, § | | |
| § | | |
| VS. § | | |
| § | | |
| CITY OF MISSION, FORMER MISSION § | CIVIL ACTION NO. 7:12-CV-310 | |
| POLICE CHIEF LEO LONGORIA, FORMER § | | |
| POLICE OFFICER RANDY GARZA, § | (JURY REQUESTED) | |
| POLICE OFFICER CHRISTOPHER PILAND, § | | |
| POLICE OFFICER SHANE DE LA GARZA, § | | |
| POLICE OFFICER CHARLES LOPEZ, AND § | | |
| POLICE OFFICER OMAR DIAZ DE § | | |
| VILLEGAS § | | |
|    *Defendants*. § | | |

### DEFENDANT RANDY GARZA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Randy Garza, Defendant herein, and reserving his right to file other and further notices, pleadings, exceptions, denials, defenses, amendments, and cross-actions and/or counterclaims, files this, his Original Answer to Plaintiff's First Amended Original Complaint (Doc. 21) in the above-styled and numbered cause, and would respectfully show unto this Honorable Court as follows:

### I. ANSWER

    Defendant, Randy Garza, denies each and all of Plaintiff's allegations in his First Amended Original Complaint, except to the extent expressly admitted herein.

    Defendant denies the allegations in Paragraph 1.

    Defendant denies the allegations in Paragraph 2.

    As to the allegations in Paragraph 3, Defendant can neither admit nor deny the citizenship status of Plaintiff due to lack of knowledge or information sufficient to form a belief about the

truth of such statement. Defendant admits Plaintiff resides in Mission, Hidalgo County, Texas and that he may sue in his individual capacity.

As to Paragraph 4: Defendant admits the City of Mission is a home-rule city and political subdivision of the State of Texas that has the capacity to be sued; Defendant admits the City of Mission is responsible for the policies, practices, and customs implemented through the Mission Police Department as well as the hiring, training, supervision, control and discipline of its police officers; Defendant admits the City of Mission was the employer of the individual Defendants at the time of the incident made the basis of Plaintiff's suit; Defendant denies the City of Mission is currently the employer of all individual Defendants; Defendant admits the City of Mission has been served and that no further service of process on the City of Mission is necessary.

Defendant neither admits nor denies the statement regarding Leo Longoria's residency as presented in Paragraph 5 due to lack of knowledge or information sufficient to form a belief about the truth of such statement. Defendant admits Leo Longoria "was a high ranking member of the Mission Police Department," that he "was responsible for the Mission Police Officers compliance with minimal Federal and State Constitutional Standards," and that Leo Longoria was "entrusted . . . with responsibility for the discipline of the officers named [in the suit]" as alleged in Paragraph 5. Defendant admits the individual Defendants were acting under color of state law and within the scope of their employment during the incident made the basis of Plaintiff's suit as stated in Paragraph 5. Defendant admits Leo Longoria may be served at his residence or wherever he may be found as stated in Paragraph 5. Defendant denies the remaining allegations set forth in Paragraph 5.

Defendant admits he was an officer of the Mission Police Department and that he may be served at his residence or wherever he may be found, but denies the remaining allegations in Paragraph 6.

Defendant admits Christopher Piland is an officer of the Mission Police Department and that he may be served at his residence or wherever he may be found, but denies the remaining allegations in Paragraph 7.

Defendant admits Shane de la Garza was an officer of the Mission Police Department and that he may be served at his residence or wherever he may be found, but denies the remaining allegations in Paragraph 8.

Defendant admits Charles Lopez is an officer of the Mission Police Department and that he may be served at his residence or wherever he may be found, but denies the remaining allegations in Paragraph 9.

Defendant admits Omar Diaz de Villegas is an officer of the Mission Police Department and that he may be served at his residence or wherever he may be found, but denies the remaining allegations in Paragraph 10.

Plaintiff's statement in Paragraph 11 requires neither an admission nor denial.

Defendant admits individual Defendants acted under color of law, but denies the remaining allegations in Paragraph 12.

Defendant admits jurisdiction and venue are proper as alleged in Paragraph 13.

Defendant denies the allegations in Paragraph 14.

Defendant denies the allegations in Paragraph 15.

Defendant denies the allegations in Paragraph 16.

Defendant admits police officers escorted Plaintiff out of his residence while handcuffed as alleged in Paragraph 17. Defendant can neither admit nor deny whether Officer Omar Diaz de Villegas struck Plaintiff in the face with a closed fist due to lack of knowledge or information sufficient to form a belief about the truth of such statement. Defendant denies the remaining allegations in Paragraph 17.

Defendant admits Plaintiff was taken to the Mission Police Department and, later, to Hidalgo County Jail as alleged in Paragraph 18. Defendant can neither admit nor deny whether Plaintiff was incarcerated for 45 days or whether bail was reduced by 90% based on a Writ of Habeas Corpus as is alleged in Paragraph 18 due to lack of knowledge or information sufficient to form a belief about the truth of such statement. Defendant denies the remaining allegations in Paragraph 18.

Defendant admits Plaintiff's "assault on a police officer" charge along with some related charges were dismissed by the District Attorney, but denies all charges related to the "assault on a police officer" charge were dismissed as is implied in Paragraph 19. Defendant also admits the City of Mission produced Officer Omar Diaz de Villegas' report before his deposition and that the City of Mission did not present the report to any other law enforcement agencies. Defendant also admits former chief of police Martin Garza and Sergeant Catarino Sanchez were aware of Officer Omar Diaz de Villegas' report. Defendant also admits no disciplinary action has been taken against Officer Omar Diaz de Villegas for the incident made the basis of this suit. Defendant denies the remaining allegations in Paragraph 19.

Defendant denies the allegations in Paragraph 20.

Defendant denies the allegations in Paragraph 21, including those which are incorporated by reference.

Defendant admits the individual Defendants acted under color of law, but denies the remaining allegations in Paragraph 22.

Defendant denies the allegations in Paragraph 23.

Defendant denies the allegations in Paragraph 24, including those which are incorporated by reference.

Defendant admits officer Defendants, Randy Garza, Christopher Piland, Charles Lopez, Shane de la Garza, and Omar Diaz de Villegas, made contact with Plaintiff's person, but denies the remaining allegations in Paragraph 25.

Paragraph 26 includes propositions of law which require neither an admission nor denial. Defendant admits Plaintiff had the lawful right to possess his property and that the officer Defendants entered the property without a warrant, but denies the remaining allegations in Paragraph 26.

Paragraph 27 includes propositions of law which require neither an admission nor denial. Defendant admits Plaintiff's detention was without his consent, but denies the remaining allegations in Paragraph 27.

Paragraph 28 includes propositions of law which require neither an admission nor denial. Defendant denies the allegations in Paragraph 28.

Defendant denies the allegations in Paragraph 29 which are incorporated by reference.

Defendant denies the allegations in Paragraph 30.

Defendant denies the allegations in Paragraph 31.

Defendant denies the allegations in Paragraph 32.

Defendant admits the Chief of Police has the power to aid in preventing police misconduct, but denies the remaining allegations in Paragraph 33.

Defendant denies the allegations in Paragraph 34.

Defendant denies the allegations in Paragraph 35.

Defendant can neither admit nor deny whether Officer Omar Diaz de Villegas struck Plaintiff's face with a closed fist after he was handcuffed and taken out of the home due to lack of knowledge or information sufficient to form a belief about the truth of such statement. Defendant denies the remaining allegations in Paragraph 36.

Defendant admits Officer Omar Diaz de Villegas testified there are alternatives to restrain a belligerent, handcuffed suspect other than striking him in the face, but denies the remaining allegations in Paragraph 37.

Defendant admits Sergeant Catarino Sanchez testified there is nothing wrong with an officer striking a handcuffed suspect in the face to prevent the suspect from spitting a second time on the officer's face. Defendant admits Sergeant Catarino Sanchez testified there is nothing in the policies and procedures of the Mission Police Department which prohibits the striking of a handcuffed suspect in the face when an officer who has been spit on is trying to prevent a suspect from spitting on the officer again. Defendant admits Sergeant Catarino Sanchez testified that Officer Omar Diaz de Villegas' actions to prevent Plaintiff from spitting at him a second time was in compliance with the policies and procedures of the Mission Police Department. Defendant denies the remaining allegations in Paragraph 38.

Defendant admits Sergeant Catarino Sanchez testified he approved of Officer Omar Diaz de Villegas' actions to prevent Plaintiff from spitting at him a second time and that such actions comport with the policies and procedures of the Mission Police Department—as stated in Paragraph 39.

As to Paragraph 40: Defendant admits Sergeant Teodoro Rodriguez testified there is no policy that required an officer to contact a supervisor to enter a residence under "exigent circumstances". Defendant admits Sergeant Teodoro Rodriguez testified that the decision to enter a residence for "exigent circumstances" is under the sole discretion of an individual officer.

Defendant admits the City of Mission provides officers with a Manual, but denies the remaining allegations in Paragraph 41.

Defendant denies the allegations in Paragraph 42.

Defendant denies the allegations in Paragraph 43.

Defendant denies the allegations in Paragraph 44, including those which are incorporated by reference.

Defendant admits the City of Mission has filed affidavits with the Court stating the final policymaker for the City of Mission is its City Council as stated in Paragraph 45. Defendant also admits the Mission Police Department Manual states "the highest ranking supervisor of the department on duty is in charge of all personnel, regardless of which division they may be assigned" as is partially quoted in Paragraph 45. Defendant also admits the Manual gives the Chief of Police and City Manager the authority to determine what conduct is "considered to be of serious, severe, and/or of an emergency nature" as quoted in Paragraph 45. Defendant denies the remaining allegations in Paragraph 45.

Defendant denies the allegations in Paragraph 46.

Paragraph 47 contains propositions of law that require neither an admission nor denial. Defendant denies the allegations in Paragraph 47.

Defendant admits there were no reprimands, no discharges, and no admissions of error arising out of the events of December 20, 2011 which involved Plaintiff as alleged in Paragraph

48. Defendant can neither admit nor deny Plaintiff's allegations in Paragraph 48 that "changes would have been made" because the assumptions are too speculative and due to lack of knowledge or information sufficient to form a belief about the truth of such statement. Defendant denies the remaining allegations in Paragraph 48.

Defendant denies the allegations in Paragraph 49.

Defendant denies the allegations in Paragraph 50.

Defendant admits the City of Mission has the power to aid in preventing police misconduct, but denies the remaining allegations in Paragraph 51.

Defendant denies the allegations in Paragraph 52.

Defendant denies the allegations in Paragraph 53.

Defendant can neither admit nor deny whether Officer Omar Diaz de Villegas struck Plaintiff's face with a closed fist after he was handcuffed and taken out of the home due to lack of knowledge or information sufficient to form a belief about the truth of such statement. Defendant denies the remaining allegations in Paragraph 54.

Defendant admits Officer Omar Diaz de Villegas testified there are alternatives to restrain a belligerent, handcuffed suspect other than striking him in the face, but denies the remaining allegations in Paragraph 55.

Defendant admits Sergeant Catarino Sanchez testified there is nothing wrong with an officer striking a handcuffed suspect in the face to prevent the suspect from spitting a second time on the officer's face. Defendant admits Sergeant Catarino Sanchez testified there is nothing in the policies and procedures of the Mission Police Department which prohibits the striking of a handcuffed suspect in the face when an officer who has been spit on is trying to prevent a suspect from spitting on the officer again. Defendant admits Sergeant Catarino Sanchez testified that

Officer Omar Diaz de Villegas actions to prevent Plaintiff from spitting at him a second time was in compliance with the policies and procedures of the Mission Police Department. Defendant denies the remaining allegations in Paragraph 56.

Defendant admits Sergeant Catarino Sanchez testified he approved of Officer Omar Diaz de Villegas' actions to prevent Plaintiff from spitting at him a second time and that such actions comport with the policies and procedures of the Mission Police Department—as stated in Paragraph 57.

As to Paragraph 58: Defendant admits Sergeant Teodoro Rodriguez testified there is no policy that required an officer to contact a supervisor to enter a residence under "exigent circumstances". Defendant admits Sergeant Teodoro Rodriguez testified that the decision to enter a residence for "exigent circumstances" is under the sole discretion of an individual officer.

Defendant admits the City of Mission provides officers with a Manual, but denies the remaining allegations in Paragraph 59.

Defendant denies the allegations in Paragraph 60.

Paragraph 61 contains propositions of law that require neither an admission nor denial. Defendant admits Count 5 is raised against the City of Mission only.

Paragraph 62 contains propositions of law that require neither an admission nor denial. Defendant denies the allegations in Paragraph 62.

Defendant denies the allegations in Paragraph 63.

Defendant denies the allegations in Paragraph 64.

Paragraph 65 contains propositions of law that require neither an admission nor denial. Defendant denies the allegations in Paragraph 65.

Defendant admits police officers utilized OC spray and handcuffs in effectuating Plaintiff's arrest. Defendant denies the remaining allegations in Paragraph 66.

Defendant admits Officer Charles Lopez testified officers were not required to read the Mission Police Department Manual, but denies the remaining allegations in Paragraph 67.

Defendant denies the allegations in Paragraph 68.

The statement in Paragraph 69 requires neither and admission nor denial.

Defendant denies the allegations in Paragraph 70.

Defendant denies the allegations in Paragraph 71.

Defendant denies the allegations in Paragraph 72.

Paragraph 73 contains propositions of law that require neither an admission nor denial. Defendant denies the allegations in Paragraph 73.

Defendant admits Plaintiff is seeking the recovery of court costs and interests as stated in Paragraph 74, but denies the remaining allegations.

Plaintiff's jury demand in Paragraph 75 requires neither an admission nor denial.

Defendant denies Plaintiff is entitled to any relief requested in his Prayer.

## II. AFFIRMATIVE DEFENSES

Defendant, by way of further answer, if any may be needed, alleges by way of affirmative defenses:

1. The Texas Tort Claims Act applies to Plaintiff's claims, and Defendant would invoke all defenses and immunities therein, including, but not limited to, the statutory limit on damages contained in such Act.

2. Defendant reserves the right to assert that under Section 101.101 of the Texas Tort Claims Act it is entitled to receive notice of a claim no later than six (6) months after the day that the incident giving rise to the claim occurred.

3. Defendant asserts that all of Plaintiff's causes of action against City of Mission employees are forever barred pursuant to Section 101.106 of the Civil Practice and Remedies Code, and accordingly request that the Court dismiss Plaintiff's causes of action against them with prejudice.

4. Plaintiff cannot recover directly or indirectly from the individual defendants because they are entitled to qualified and/or official immunity for all claims against them in their individual capacity.

5. Individual defendants are entitled to the affirmative defense of official immunity because they would show that their actions were made in good faith, in the performance of discretionary duties, and within the scope of their authority.

6. Defendant is immune from suit under the Texas Tort Claims Act because his acts were in response to an emergency call or in reaction to an emergency situation, in compliance with applicable laws and ordinances, and/or were not taken with conscious indifference or reckless disregard for the safety of others. *See* TEX. CIV. PRAC. & REM. CODE § 101.055(2).

7. Defendant would show that Plaintiff's injuries and damages as alleged, although such injuries and damages are not so acknowledged, were caused in whole or in part, or contributed to, by the negligence of parties or instrumentalities over which Defendant exercised no control, and for whose acts Defendant is not under the law responsible. Defendant invokes the doctrine of comparative responsibility.

8. Defendant would show that any loss or damages alleged by Plaintiff was to some extent caused by Plaintiff's failure to use reasonable efforts to mitigate his damages.

9. Defendant would show that Plaintiff may not recover exemplary damages because of the statutory bar as to punitive damages contained in Section 101.024 of the Texas Civil Practice and Remedies Code.

10. Defendant would further assert that any loss or damages allegedly sustained by Plaintiff at the time, place, and occasion mentioned in Plaintiff's First Amended Original Complaint were caused in whole by the intentional conduct of Plaintiff, and not by any negligence or fault or want of care on the part of the Defendants.

11. Defendant would show that Plaintiff's claims do not fall within the limited waiver of immunity set forth in the Texas Tort Claims Act, and Defendant would specifically invoke all the immunities from liability set forth in the Texas Tort Claims Act.

12. Defendant would further invoke all defenses and/or limitations authorized under the Texas Tort Claims Act, including, but not limited to, the defenses and/or limitations set forth in §§ 101.023, 101.024, 101.025, 101.055, 101.056, 101.057, 101.060, 101.101, 101.102, and 101.106 of the TEX. CIV. PRAC. & REM. CODE.

13. Defendant City of Mission is a governmental entity and has governmental immunity from suit.

14. Defendant would show that Plaintiff has failed to state a claim upon which relief could be granted, and his claims should be dismissed.

15. Defendant would further show that Plaintiff has failed to show a policy, practice, or custom officially adopted and promulgated by the City of Mission or the Mission Police Department that can be causally related to the alleged unconstitutional conduct

of any individual as required under *Monell v. New York City Dept. of Social Servs.*, 435 U.S. 685, 693 (1978).

16. Defendant City of Mission would show that there is no respondeat superior liability to any and all of Plaintiff's claims.

17. Defendant would show that there has been no violation of Plaintiff's constitutional rights.

18. Defendant would show that the use of force and search alleged in Plaintiff's First Amended Original Complaint, if any, were necessary under the circumstances and were in every way constitutional under constitutional standards applicable at the time of the incident made the basis of this lawsuit.

19. Defendant would show that he is immune from liability for punitive damages.

20. Defendant would further show that the amount of punitive/exemplary damages is limited by the 14th Amendment's Due Process Clause, U.S. Constitution, and Article 1, Sections 13 and 19, Texas Constitution.

21. Defendant would further assert that any request for pre-judgment interest, insofar as it includes interest on any future damages beyond the time of a verdict, is barred by Article 1, Section 19 of the Texas Constitution, the Due Process Clause of the Fourteenth Amendment, and also the Excessive Fines and Penalties Clause of the Eighth Amendment of the U.S. Constitution, as such prayer allows Plaintiff to recover interest on unaccrued damages during a period of time when such damages are not yet due. Therefore, such request is arbitrary, unreasonable, and constitutes the imposition of an unlawful penalty.

22. Plaintiff is not entitled to attorney's fees because Plaintiff is not a prevailing party and Defendant is entitled to his attorney's fees under 42 U.S.C. § 1988.

### III. JURY DEMAND

Defendant hereby demands a trial by jury.

### IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Randy Garza prays that Plaintiff recover naught by his suit, that Defendant recover his costs, including attorney's fees, and that Defendant be granted such other relief, general and specific, legal and equitable, to which he may show he is justly entitled to receive.

Respectfully submitted,

GUERRA, LEEDS, SABO &HERNANDEZ, P.L.L.C.
10213 North 10th Street
McAllen, Texas 78504
Telephone: (956) 383-4300
Facsimile: (956) 383-4304

R.D. Guerra
State Bar No. 08578640
S.D.Tex. Bar No. 5949
Joe Hernandez
State Bar No. 09517700
S.D.Tex. Bar No. 15145
Ysmael D. Fonseca
State Bar No. 24069726
S.D.Tex. Bar No. 1139283
ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendant Omar Diaz de Villegas' Original Answer has been served on counsel of record on the 22nd day of August, 2013, in accordance with the Federal Rules of Civil Procedure as set forth below:

*Via Electronic Notice (CM/ECF)*
Rodney W. Sipes
SIPES & ASSOCIATES, PLLC
3102 S. McColl Road, PMB#D9
Edinburg, Texas 78539

Ysmael D. Fonseca