IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| KENNETH JOHN SNIDER, | § | |
|    *Plaintiff*, | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF MISSION, FORMER MISSION | § | CIVIL ACTION NO. 7:12-CV-310 |
| POLICE CHIEF LEO LONGORIA, FORMER | § | |
| POLICE OFFICER RANDY GARZA, | § | (JURY REQUESTED) |
| POLICE OFFICER CHRISTOPHER PILAND, | § | |
| POLICE OFFICER SHANE DE LA GARZA, | § | |
| POLICE OFFICER CHARLES LOPEZ, AND | § | |
| POLICE OFFICER OMAR DIAZ DE | § | |
| VILLEGAS | § | |
|    *Defendants*. | § | |

**REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

     NOW COME Defendants City of Mission, Leo Longoria, Randy Garza, Christopher Piland, Shane de la Garza, Charles Lopez, and Omar Diaz de Villegas, and hereby file their Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 34), and would respectfully show unto this Honorable Court as follows:

**I. FAILURE TO READ GENERAL MANUAL**

     Plaintiff points to *one* officer's statement that *he* was not required to read the General Manual as evidence in support of municipal liability. Even if taken as true, the alleged failure to require the individual officer to read the manual is not "a policy statement formally announced by an official policymaker[; or,] . . . a persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled

as to constitute a custom that fairly represents municipal policy.'" *Zarnow*, 614 F.3d at 168-69 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc).

Such alleged evidence also fails to show supervisory liability under the inadequate-training-and-supervision or failure-to-adopt-a-policy theories because not requiring that an officer read a manual does not demonstrate "deliberate indifference," that is, "it is [not] obvious that the likely consequences of not adopting a policy [to require officers to read the manual] will be a deprivation of constitutional rights." *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992) *cited in Porter v. Epps*, 659 F.3d 440, 446-47 (5th Cir. 2011). This is particularly so in light of the evidence establishing the individual Defendants received the training required by Texas law. *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 381-382 (5th Cir. 2010).

## II. POLICY TO SEEK SUPERVISOR UNDER "EXIGENT CIRCUMSTANCES"

According to Plaintiff, Defendant City of Mission should be liable for its failure to enact a policy that requires every officer to seek supervisory approval to enter a home and make a warrantless arrest under "exigent circumstances." However, Plaintiff cites no authority to support his contention, and no legal precedent indicates such a requirement is necessary, particularly when an "exigent circumstance," by its very nature, requires prompt, decisive action with no time for supervisory interaction.

## III. NOVEMBER 25, 2012 INCIDENT

Defendants hereby move for the striking of any evidence relating to Plaintiff's November 25, 2012 arrest as irrelevant to the issues relating to the instant suit, which is based on Plaintiff's actions on December 20, 2011.

## IV. FAILURE TO DISCIPLINE

Defendant Omar Diaz de Villegas has admitted that he struck Plaintiff to prevent him from

spitting blood. He explained his action to supervisors and they determined such action was reasonable and necessary—as Defendants contend in their Motion for Summary Judgment on Qualified Immunity. The use of reasonable and appropriate force does not require disciplinary action, and failure to take disciplinary action is not evidence of an "extreme factual situation[]" to which the Fifth Circuit would apply a ratification theory of recovery, nor any evidence of "a culture of recklessness." Therefore, without any evidence to support *Grandstaff*'s application to this case, Plaintiff's Section 1983 claim based on a ratification theory fails.

## V. NO OTHER EVIDENCE HAS BEEN PRESENTED

Plaintiff has failed to present a genuine issue of material fact that would preclude summary judgment on the federal claims against Defendant City of Mission and the individual Defendants in their official capacity.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court grant their Motion for Summary Judgment, enter final judgment in their favor, and grant any further relief to which Defendants may justly be entitled at law or in equity.

Respectfully submitted,

---

R.D. Guerra
State Bar No. 08578640
S.D.Tex. Bar No. 5949
*Attorney-in-Charge*
Joe Hernandez
State Bar No. 09517700
S.D. No. 15145
*Of Counsel*
Ysmael D. Fonseca
State Bar No. 24069726
S.D. No. 1139283
*Of Counsel*

        GUERRA, LEEDS, SABO &
        HERNANDEZ, P.L.L.C.
        10213 N. 10th Street
        McAllen, Texas 78504
        Telephone:    (956) 383-4300
        Facsimile:    (956) 383-4304
        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been served on counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure as follows:

*Via Electronic Notice*
Rodney W. Sipes
Sipes & Associates, PLLC
3102 S. McColl Road, PMB #D9
Edinburg, Texas 78539

        Ysmael D. Fonseca