IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| KENNETH JOHN SNIDER, § | | |
|    *Plaintiff*, § | | |
| § | | |
| VS. § | | |
| § | | |
| CITY OF MISSION, FORMER MISSION § | CIVIL ACTION NO. 7:12-CV-310 | |
| POLICE CHIEF LEO LONGORIA, FORMER § | | |
| POLICE OFFICER RANDY GARZA, § | (JURY REQUESTED) | |
| POLICE OFFICER CHRISTOPHER PILAND, § | | |
| POLICE OFFICER SHANE DE LA GARZA, § | | |
| POLICE OFFICER CHARLES LOPEZ, AND § | | |
| POLICE OFFICER OMAR DIAZ DE § | | |
| VILLEGAS § | | |
|    *Defendants*. § | | |

**REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants City of Mission, Leo Longoria, Randy Garza, Christopher Piland, Shane de la Garza, Charles Lopez, and Omar Diaz de Villegas, and hereby file their Reply to Plaintiff's Response to Defendants' Motion for Judgment on the Pleadings, and would respectfully show unto this Honorable Court as follows:

**I. IMMUNITY OF GOVERNMENTAL EMPLOYEES**

Plaintiff asserts in his response that the individual Defendants are not entitled to "qualified" or immunity, and, in doing so, fails to acknowledge the distinction between "qualified" or "official" immunity and "governmental" immunity. *See Franka v. Velasquez*, 332 S.W.3d 367, 381-82 (Tex. 2011). To be clear, as to the state tort claims, Defendants raise a governmental immunity defense under the election-of-remedies provision of the Texas Tort Claims Act.

Section 101.106(f) of the Texas Civil Practice and Remedies Code "provides immunity to

the employee of a governmental unit by requiring either the substitution of the governmental entity for the employee or the dismissal of a plaintiff's suit when the suit is based on conduct within the general scope of that employee's employment and could have been brought under the Tort Claims Act against the governmental unit." *Philips v. Dafonte*, 187 S.W.3d 669, 673 (Tex. App. - Houston [14th Dist.] 2006, no pet.), *disapproved on other grounds*, *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011). "[W]hen the statutory requirements of section 101.106(f) are met, the statute confers immunity on an employee of a governmental immunity." *Id.* "Under the election-of-remedies provisions of the [Tort Claims Act ("TTCA")], a plaintiff who sues under the TTCA must elect between suing a governmental unity and suing an employee of that unit. If he sues the governmental unit, the suit 'constitutes and irrevocable election' by him and 'bars any suit or recoevery by [him] against any individual employee of the governmental unit regarding the same subject matter.'" *White v. City of Dallas*, 2013 WL 821992, *2 (N.D. Tex. Feb. 8, 2013) (quoting Tex. Civ. Prac. & Rem. Code § 101.106); *see Mitchell v. City of Sugarland*, 2011 WL 1156253, *10 (S.D. Tex. Mar. 25, 2011). "The election-of-remedies provisions in § 101.106 cover all state tort claims, whether intentional or negligent, and whether brought under common law or the TTCA." *Id.* (citing *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 463-64 (5th Cir. 2010). "The phrase 'could have been brought' applies without regard to whether the Tort Claims Act waives immunity from suit." *Mason v. Wood*, 2013 WL 1088735, *2 (Tex. App. - Beaumont Mar. 14, 2013) (quoting *Franka v. Velasquez*, 332 S.W.3d 367, 385 (Tex. 2011)).

In this case, Plaintiff has asserted intentional tort claims against the individual Defendants and negligence claims against the City of Mission, both of which arise out of the same subject matter. "By suing the City, he has made an irrevocable election of remedies and is barred from suing the Officers regarding the same subject matter." *White*, 2013 WL 821992 at *2 (citing Tex. Civ.

2

Prac. & Rem. Code § 101.106(a)). Contrary to Plaintiff's argument that the individual Defendants are not entitled to immunity, Section 101.106(f) immunity applies regardless of whether the Defendants were acting within their discretionary authority. *See Christus Spohn Health System, Corp. v. Ven Huizen*, 2011 WL 1900174, *9 (Tex. App. - Corpus Christi May 19, 2011); *Mason*, 2013 WL 1088735 at *2 (holding officers were not required to address their discretionary functions).

The statute and caselaw are clear: when government employees, such as the individual Defendants, are acting within the scope of employment, they are granted immunity by state law. Plaintiff correctly cites the Court's supplemental jurisdiction over the state tort claims asserted against Defendants, however, pursuant to the *Erie* doctrine, the Court should apply state substantive law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *see Alcala v. Webb County*, 620 F.Supp.2d 795, 808 (S.D. Tex. 2009) (finding Section 101.106 is substantive law). Therefore, there being governmental immunity, the state tort claims against the individual Defendants should be dismissed. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 464 (5th Cir. 2010) (acknowledging that under Texas law the election of remedies provision applied and required dismissal of all common law torts against the individual defendants).

## II. ALLEGED PENAL CODE VIOLATIONS

Plaintiff cites to provisions of the Texas Penal Code to assert state claims against individual Defendants, but alleged penal violations do not confer a cause of action without an express provision by the Legislature. *See A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 379 (Tex. App. - Houston [1st Dist.] 2001, pet. denied) (holding that the Penal Code does not create private causes of action); *Mitchell v. City of Sugarland*, 2011 WL 1156253, *11 (S.D. Tex. Mar. 25, 2011) (rejecting the existence of an "official oppression" claim). Plaintiff also relies on *Granstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), for the proposition that police officers are liable in a civil action under

Texas law when they engage in criminal conduct, but *Granstaff* does not stand for such a proposition. *Granstaff* considered the use of the justification defense related to the reckless injury or killing of an innocent third person which is provided for in the Texas Penal Code, and does not stand for the proposition that alleged penal violations may be the basis of private causes of action. 767 F.2d at 167. In fact, *Granstaff* recognized governmental immunity from Plaintiff's state law claims. *Id.* at 168. Additionally, *Granstaff* was decided on August 5, 1985 while § 101.106(f), enacted by the 69th Texas Legislature, did not become effective until September 1, 1985. Thus, *Grandstaff* did not address the fact that § 101.106(f) extended governmental immunity to governmental employees. *See Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011) ("We have held that '[w]ith the limited *ultra vires* exception . . ., governmental immunity protects government officers sued in their official capacities to the extent that it protects their employers.' By moving for summary judgment on section 101.106(f), defendants were asserting claims of governmental immunity."); *Philips v. Dafonte*, 187 S.W.3d 669, 673 ("when the statutory requirements of section 101.106(f) are met, the statute confers immunity on an employee of a governmental entity."). The Plaintiff's reliance on *Grandstaff* is misplaced and, accordingly, the Court must dismiss the alleged state claims based on the Texas Penal Code.

### III. ALLEGED NEGLIGENCE AGAINST THE CITY

Plaintiff's assertion that Federal Rule of Civil Procedure 8(d) allows him to assert inconsistent claims misses the point of the Defendant's Motion. On its face, the facts set forth in the Plaintiff's complaint allege only intentional conduct on the part of the Defendant City of Mission employees. As such, the factual allegations "fit squarely within section 101.057's exclusion of claims arising out of assault, battery, [] false imprisonment" or any other intentional tort. *Texas Department of Public Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001) (citing Tex. Civ. Prac. &

4

Rem. Code § 101.057). In fact, the Plaintiff's response is almost identical to the one made in *Dwyer v. City of Corinth*, 2009 WL 3856989, *10 (E.D. Tex. Nov. 17, 2009), wherein the Court held that "[t]he facts alleged in the complaint contradict any assertion by Plaintiff that the use of the Taser was unintentional or negligent, until Plaintiff attempts to circumvent the TTCA's municipal immunity clause. Therefore, the Court recommends that Plaintiff's claims against the City of Corinth under the TTCA be dismissed." *See Lopez-Rodriguez v. City of Levelland, Texas*, 100 Fed. App'x 272, 275 (5th Cir. 2004) ("Texas law does not allow a plaintiff to avoid the bar of governmental immunity by describing essentially intentional conduct as an act of negligence.") (citations omitted).

The Plaintiff's claim for negligent implementation of departmental policies also fails to waive the City of Mission's governmental immunity because it does not involve a motor vehicle, motor driven equipment, tangible personal property or real property. *See* Tex. Civ. Prac. & Rem. Code § 101.021. As the *Petta* court stated, "Petta's claim that the Department negligently failed to furnish the proper training, instruction, training manuals, and documents to Rivera also fails . . . . We have long held that information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities . . . . Thus, while instructional manuals can be seen and touched, the [Texas] Legislature has not waived immunity for negligence involving the use, misuse, or non-use of the information they contain." *Petta*, 44 S.W.3d at 580. (citations omitted).

Plaintiff also misconstrues the caselaw cited in support of the existence of a "negligent implementation" cause of action. In all of the cases cited, the plaintiffs alleged facts demonstrating that negligent conduct that fell within § 101.021 was the cause of their respective injuries. Such is not the case here. The alleged negligence on the part of the City of Mission does not fall within § 101.021 and the alleged use of tangible personal property was intentional and, therefore, is excluded as a waiver of immunity by § 101.057. Accordingly, the facts pled by the Plaintiff do not waive the

5

City of Mission's governmental immunity and, thus, deprive this Court of jurisdiction over the Plaintiff's state tort claims. Therefore, Plaintiff's state tort claims against Defendant City of Mission must be dismissed.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court grant their Motion for Judgment on the Pleadings, enter final judgment in their favor, and grant any further relief to which Defendants may justly be entitled at law or in equity.

Respectfully submitted,

---

R.D. Guerra
State Bar No. 08578640
S.D.Tex. Bar No. 5949
*Attorney-in-Charge*
Joe Hernandez
State Bar No. 09517700
S.D. No. 15145
*Of Counsel*
Ysmael D. Fonseca
State Bar No. 24069726
S.D. No. 1139283
*Of Counsel*

GUERRA, LEEDS, SABO &
HERNANDEZ, P.L.L.C.
10213 N. 10th Street
McAllen, Texas 78504
Telephone:	(956) 383-4300
Facsimile:	(956) 383-4304
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      This is to certify that the above and foregoing instrument has been served on counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure as follows:

*Via Electronic Notice*
Rodney W. Sipes
Sipes & Associates, PLLC
3102 S. McColl Road, PMB #D9
Edinburg, Texas 78539

                                            Ysmael D. Fonseca