IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| KENNETH JOHN SNIDER, | § | |
|    *Plaintiff*, | § | |
| | § | |
| VS. | § | |
| | § | |
| CITY OF MISSION, FORMER MISSION | § | CIVIL ACTION NO. 7:12-CV-310 |
| POLICE CHIEF LEO LONGORIA, FORMER | § | |
| POLICE OFFICER RANDY GARZA, | § | (JURY REQUESTED) |
| POLICE OFFICER CHRISTOPHER PILAND, | § | |
| POLICE OFFICER SHANE DE LA GARZA, | § | |
| POLICE OFFICER CHARLES LOPEZ, AND | § | |
| POLICE OFFICER OMAR DIAZ DE | § | |
| VILLEGAS | § | |
|    *Defendants*. | § | |

### REPLY TO PLAINTIFF'S FIRST SUPPLEMENTAL RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

     NOW COME Defendants City of Mission, Leo Longoria, Randy Garza, Christopher Piland, Shane de la Garza, Charles Lopez, and Omar Diaz de Villegas, and hereby file their Reply to Plaintiff's First Supplemental Response to Defendants' Motion for Summary Judgment (Doc. 49), and would respectfully show unto this Honorable Court as follows:

### I. LACK OF EVIDENCE AND MISCHARACTERIZATION OF THE RECORD

     Plaintiff has either made conclusory statements or mischaracterizes the testimony on which he relies as evidence. Each point is addressed in turn:

*A. "The City of Mission has presented no evidence that the officers involved in the incident of December 20, 2011 received adequate training . . . ."*

     Plaintiff fails to recognize that it is his burden to present evidence substantiating his claim

of inadequate training. Defendants have presented evidence that support finding Defendant Officers received training pursuant to the State of Texas standards, and are, therefore, presumed to be adequately trained. Simply, "when officers have received training required by Texas law, the plaintiff must show that the legal minimum of training was inadequate." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381-382 (5th Cir. 2010). No such evidence exists.

B. *". . . [T]he policies of the Mission Police Department allow the striking of a handcuffed person with the officers [sic] closed fist . . . ."*

    Plaintiff misrepresents the testimony provided by Sgt. Catarino Sanchez:

> Q.    And so would it be fair to say that **in your opinion**, the actions of Officer Diaz De Villegas were in compliance with the policies and procedures of the Mission Police Department?
>
> A.    Yes.

(Doc. 18-5, p.4) (emphasis added). At no point did Sgt. Catarino Sanchez say that it is the policy of the Mission Police Department for an officer to strike a handcuffed person with a closed fist. On the contrary, Plaintiff fails to acknowledge the following testimony:

> Q.    Are officers with the Mission Police Department, as part of their training, are they trained to hit handcuffed suspects in the face for any purpose?
>
> [Objection withdrawn]
>
> A.    No, sir.

(Doc. 18-5, p.3-4). Plaintiff extrapolates a self-serving statement based on Sgt. Sanchez's testimony. The fact is, there is no policy of striking handcuffed persons.

C. *". . . Officer Lopez has never been trained on the proper treatment of individuals during the course of an arrest . . . ."*

Plaintiff cites to pages 27-29 from Officer Charles Lopez' deposition in support of his failure to train theory. *See* (Doc. 18-2, p.8). The line of questioning cited by Plaintiff relates to Officer Lopez's knowledge of a manual which Plaintiff's counsel did not properly identify at deposition, not Officer Lopez's training. Officer Lopez has received the training mandated by the State of Texas, *see* (Doc. 34-5, p.1), and the testimony cited by Plaintiff does not indicate how it was deficient. The cited testimony is not evidence that supports Plaintiff's inadequate training theory of recovery.

D. *"Sergeant Catarino Sanchez . . . has testified there is no training or practice within the Mission Police Department on how to arrest a suspect . . . ."*

Plaintiff, again, mischaracterizes Sgt. Catarino Sanchez's deposition testimony. In the page cited by Plaintiff, the following is the relevant testimony:

> Q. As part of the training at the Mission Police Department, are there practice drills in how to arrest a suspect?
>
> A. No, sir.
>
> Q. So it's all just verbal telling an officer, "Whenever you are going to arrest a suspect, you do this, this or this?" There's not a practice procedure that goes on?
>
> A. No, sir.

(Doc. 18-5, p.4). At no point did Sgt. Catarino Sanchez testify that there is *no* training on how to arrest a suspect. Sgt. Sanchez simply denied that the Mission Police Department engaged in "practice drills." This is not evidence of a failure to train.

E. *". . . [I]t can only be concluded that he Chief of Police was notified, was consciously indifferent to [Cynthia Flores's] complaints, and ratified the actions of the officers complained of."*

Plaintiff's ratification theory rests on the affidavit of Cynthia Flores, which was provided during an investigation. However, the "complaint" does not identify any specific misconduct and

generally alleges Plaintiff was mistreated. Plaintiff takes issue with Defendant City of Mission or its Chief of Police for not reprimanding officers for what he presumes is unconstitutional. But that is the crux of this case; there is a dispute as to what constitutes lawful use of force. The alleged failure to reprimand what the law permits, is not evidence of conscious indifference amounting to ratification of an unconstitutional act. Plaintiff's ratification theory presumes fault without any supporting evidence. In the "absence of evidence suggesting a culture of recklessness," Plaintiff's cause of action under a ratification theory fails. *Snyder v. Trepagnier*, 142 F.3d 791, 298 (5th Cir. 1998).

## II. NO OTHER EVIDENCE HAS BEEN PRESENTED

Plaintiff has failed to present a genuine issue of material fact that would preclude summary judgment on the federal claims against Defendant City of Mission and the individual Defendants in their official capacity.

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court grant their Motion for Summary Judgment, enter final judgment in their favor, and grant any further relief to which Defendants may justly be entitled at law or in equity.

Respectfully submitted,

_____ w/p
R.D. Guerra
State Bar No. 08578640
S.D.Tex. Bar No. 5949
*Attorney-in-Charge*
Joe Hernandez
State Bar No. 09517700
S.D. No. 15145
*Of Counsel*
Ysmael D. Fonseca

        State Bar No. 24069726
        S.D. No. 1139283
        *Of Counsel*

        GUERRA, LEEDS, SABO &
        HERNANDEZ, P.L.L.C.
        10213 N. 10th Street
        McAllen, Texas 78504
        Telephone:    (956) 383-4300
        Facsimile:    (956) 383-4304
        ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been served on counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure as follows:

*Via Electronic Notice*
Rodney W. Sipes
Sipes & Associates, PLLC
3102 S. McColl Road, PMB #D9
Edinburg, Texas 78539

                                                Ysmael D. Fonseca